# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty three,

Smart Study Co., LTD.,

    Plaintiff - Appellant,

ABC,

    Plaintiff,

v.

HAPPY PARTY-001, SALIMHIB-US, GeGeonly, NA-AMZ001, LICHE Cupcake Stand, Beijingkangxintangshangmaoyouxiangongsi, Qingshu, Ckypee, Wch-us, Theguard, Sujiumaisusu, Mary Good Shop, Heartland GO, Blue Vivi, SMSCHHX, Nagiwart, Xuanningshangwu, QT-US, LADYBEETLE, Tongmumy, WONDERFUL MEMORIES, Kangxinsheng1, Acuteye-US, Nuoting, Telike, Haocheng-Trade, YAMMO202, Shenzhenshixindajixieyouxiangongsi, Une Petite Mouette, Joysail, Xuiyui7i, Zingon US, HAITing$, Yongchunchengqingmaoyiyouxiangongsi, Huibi-US, FAming, Bonuswen, APZNOE-US, Dazzparty, DAFA International, Yicheny US, WOW GIFT, Jyoker-US1, SAM CLAYTONddg, Citihomy, Wen Mike, YooFly, Changgeshangmaoyouxiangongsi, Sensiamz Backdrop, Veterans Club,

    Defendants - Appellees,

DEF, Tuoyi Toys, Topivot, Lvyun, Sunnylifyau, XueHua INC., SMASSY US, YLILILY, GaiFei Trade Co Ltd.,

    Defendants.

**ORDER**
Docket No. 22-1810

On July 21, 2022, the district court issued an opinion and order finding that the alternative means of service utilized by plaintiff—namely, email—to serve defendants in China was impermissible, and thus the court lacked personal jurisdiction over the defendants. The district court therefore denied plaintiff's motion for entry of default judgment as against those defendants. On August 17, 2022, the district court issued an Order to Show Cause to plaintiff as to why the case should not be dismissed for lack of personal jurisdiction. Rather than responding to that Order to Show Cause, plaintiff filed a notice of interlocutory appeal on August 18, 2022, with respect to the district court's July 21, 2022 order. The district court then stayed the case pending resolution of the appeal. The district court never dissolved the preliminary injunction that it had previously granted in plaintiff's favor on August 3, 2021.

IT IS HEREBY ORDERED that, by April 17, 2023, appellant shall submit to the Court a letter brief of no more than five pages, double-spaced, addressing the legal basis for this Court to exercise appellate jurisdiction over an appeal from the non-final July 21, 2022 order, even assuming *arguendo* that the denial of the default judgment had the practical effect of denying a permanent injunction at that stage of the litigation. *See, e.g.*, *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) ("For an interlocutory order to be immediately appealable under § 1292(a)(1) . . . a litigant must show more than that the order has the practical effect of refusing an injunction. . . . Unless a litigant can show that an interlocutory order of the district court might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal." (internal quotation marks omitted)); *Cuomo v. Barr*, 7 F.3d 17, 19 (2d Cir. 1993) (holding that denial of a permanent injunction as a result of a grant of partial summary judgment was not appealable because appellant "ha[d] demonstrated neither serious, let alone irreparable, consequences nor the unavailability of an effective appeal"); *Frutiger v. Hamilton Cent. Sch. Dist.*, 928 F.2d 68, 72 (2d Cir. 1991) ("It is well settled that an order of the district court that merely continues a case and does not reach the merits of parties' opposing claims is merely a step in the processing of a case and does not fall within the range of interlocutory orders appealable under 28 U.S.C. § 1292(a)(1)."); *see also Prince v. Ethiopian Airlines*, 646 F. App'x 45, 47 (2d Cir. 2016) (summary order) (holding that "denial of a default judgment is not a final order" where claims remained to be adjudicated); *Pu v. Russell Publ'g Grp., Ltd.*, 683 F. App'x 96, 98 (2d Cir. 2017) (summary order) ("[A]n order to show cause is not an appealable final order, and we therefore lack jurisdiction to review it." (citing *Weitzman v. Stein*, 897 F.2d 653, 657 (2d Cir. 1990))).

For The Court:
Catherine O'Hagan Wolfe,
Clerk of Court