# MANDATE

22-1810-cv
*Smart Study Co, LTD., ABC, v. Happy Party-001, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-three.

PRESENT:
        JOSÉ A. CABRANES,
        JOSEPH F. BIANCO,
        SARAH A. L. MERRIAM,
           *Circuit Judges*.

_____

Smart Study Co., LTD.,

        *Plaintiff-Appellant*,

ABC,                                                                                                22-1810-cv

        *Plaintiff*,

        v.

HAPPY PARTY-001, SALIMHIB-US, GeGeonly, NA-AMZ001, LICHE Cupcake Stand, Beijingkangxintangshangmaoyouxiangongsi, Qingshu, Ckypee, Wch-us, Theguard, Sujiumaisusu, Mary Good Shop, Heartland GO, Blue Vivi, SMSCHHX, Nagiwart, Xuanningshangwu, QT-US, LADYBEETLE, Tongmumy, WONDERFUL MEMORIES, Kangxinsheng1, Acuteye-US, Nuoting, Telike, Haocheng-Trade, YAMMO202,

Shenzhenshixindajixieyouxiangongsi, Une Petite Mouette, Joysail, Xuiyui7i, Zingon US, HAITing$, Yongchunchengqingmaoyiyouxiangongsi, Huibi-US, FAming, Bonuswen, APZNOE-US, Dazzparty, DAFA International, Yicheny US, WOW GIFT, Jyoker-US1, SAM CLAYTONddg, Citihomy, Wen Mike, YooFly, Changgeshangmaoyouxiangongsi, Sensiamz Backdrop, Veterans Club,

*Defendants-Appellees*,

DEF, Tuoyi Toys, Topivot, Lvyun, Sunnylifyau, XueHua INC., SMASSY US, YLILILY, GaiFei Trade Co Ltd.,

*Defendants*.

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Kerry B. Brownlee, Jason M. Drangel, Danielle S. Futterman, Ashly E. Sands, Epstein Drangel LLP, New York, NY. |
| FOR DEFENDANTS-APPELLEES: | No appearance. |

Appeal from an order of the United States District Court for the Southern District of New York (Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of jurisdiction.

Plaintiff-appellant Smart Study Co., Ltd. ("Smart Study") appeals from the district court's July 21, 2022 order denying its motion for default judgment. Smart Study owns multiple federal trademark and copyright registrations associated with the hit song "Baby Shark." Smart Study filed a complaint asserting that fifty-eight defendants, all of which are located in China, marketed and sold counterfeit Baby Shark products via their e-commerce storefronts on Amazon.com. In

2

addition to its complaint, Smart Study filed an *ex parte* application for, *inter alia*, a temporary restraining order ("TRO") restraining defendants' merchant storefronts and assets with their financial institutions, and an order to show cause why a preliminary injunction ("PI") should not issue. On July 9, 2021, the district court granted Smart Study's application and entered the TRO. Subsequently, Smart Study purported to serve the defendants by email pursuant to Federal Rule of Civil Procedure 4(f). On August 4, 2021, the district court entered a PI ordering that "[t]he injunctive relief previously granted in the TRO shall remain in place pending the final hearing and decision of this action or until further order of this Court." Dist. Ct. Dkt. No. 16 at 6 ("PI Order").

On February 11, 2022, after defendants-appellees failed to answer or otherwise respond in a timely fashion with respect to the complaint, Smart Study moved for a default judgment and permanent injunction against defendants-appellees. On July 21, 2022, the district court issued an opinion and order finding that the alternative means of service authorized under the TRO and utilized by Smart Study—namely, email—to serve defendants-appellees in China was impermissible, and thus the court lacked personal jurisdiction over defendants-appellees. The district court therefore denied Smart Study's motion for default judgment against defendants-appellees. At the time of the district court's decision, several other defendants had been voluntarily dismissed from the case, and defendants-appellees were the only remaining defendants in the case.

On August 17, 2022, the district court issued an Order to Show Cause to Smart Study as to why the case should not be dismissed for lack of personal jurisdiction. On August 18, 2022, rather than responding to that Order to Show Cause, Smart Study filed a notice of interlocutory appeal with respect to the district court's July 21, 2022 order. The district court then stayed the case pending resolution of the appeal. The district court has not dissolved the PI Order that it previously

3

entered in Smart Study's favor on August 4, 2021. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to dismiss the appeal for lack of jurisdiction.

## DISCUSSION

As a threshold matter, we must determine whether we have jurisdiction over this appeal from the district court's interlocutory order denying the motion for default judgment.[1] *See Bolmer v. Oliveira*, 594 F.3d 134, 140 (2d Cir. 2010).

Smart Study contends that "[t]his Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(a)(1)" because "the District Court denied [Smart Study's] request for a permanent injunction, thereby also effectively dissolving the TRO and PI Order previously granted." Appellant's Br. at 3. As an alternative basis for exercising appellate jurisdiction, Smart Study argues that this Court has jurisdiction pursuant to 28 U.S.C. § 1291 because "although the District Court did not dismiss the case, . . . it effectively issued a final decision when it ruled that there was a lack of personal jurisdiction because of insufficient service of process." Appellant's Br. at 3. As set forth below, Smart Study's proposed grounds for appellate jurisdiction are without merit, and we conclude that we do not have jurisdiction over this interlocutory appeal.

Under 28 U.S.C. § 1292(a)(1), we have jurisdiction over appeals from "[i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review

---

[1] On April 10, 2023, this Court issued an order requesting a letter brief from Smart Study further "addressing the legal basis for this Court to exercise appellate jurisdiction over an appeal from the [district court's] non-final July 21, 2022 order." *Smart Study Co., LTD v. HAPPY PARTY-001*, No. 22-1810-cv (2d Cir. Apr. 10, 2023), ECF No. 69. On April 17, 2023, Smart Study submitted its letter brief to this Court.

may be had in the Supreme Court." However, where an order does not "explicitly refuse to grant an injunction" but has the "practical effect" of doing so, *CFTC v. Walsh*, 618 F.3d 218, 224 (2d Cir. 2010), "we lack appellate jurisdiction unless the denial order 'might have a serious, perhaps irreparable, consequence,' and it 'can be effectually challenged only by immediate appeal.'" *Cuomo v. Barr*, 7 F.3d 17, 19 (2d Cir. 1993) (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981)).

As a preliminary matter, in denying Smart Study's motion for default judgment, the district court did not explicitly deny its request for a permanent injunction. Even assuming *arguendo* that the denial of Smart Study's motion for default judgment had the "practical effect" of denying Smart Study's request for a permanent injunction, Smart Study has failed to demonstrate that the absence of a permanent injunction at this juncture "might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal." *Carson*, 450 U.S. at 83–84 (internal quotation marks omitted). Importantly, there is no indication from the district court's order denying Smart Study's motion for default judgment that it dissolved the PI Order.[2] Therefore, the PI Order remains in effect and prevents any irreparable harm while the case continues to be litigated in the district court.

Smart Study nevertheless argues that it will suffer irreparable harm if it has to wait for a final judgment to seek appellate review because, in light of the district court's ruling on personal jurisdiction, the district court will inevitably dismiss the case and dissolve the PI Order, thereby lifting the restraint on defendants-appellees' assets and "impeding [Smart Study's] ability to

---

[2] In Smart Study's April 17, 2023 letter brief to this Court, Smart Study concedes that the district court did not dissolve the PI Order or dismiss the case.

5

collect or act on any judgment in the event of a successful appeal." No. 22-1810 Dkt. No. 70 at 5. We find that argument unpersuasive for several reasons. First, it presumes that dismissal for lack of personal jurisdiction is inevitable even though the Order to Show Cause on that issue is still pending. In other words, Smart Study has an additional opportunity, especially now having received the district court's decision on the service issue in connection with the motion for default judgment, to make additional arguments in response that could alter the district court's conclusion. Second, in response to the Order to Show Cause, Smart Study could seek leave from the district court to attempt to serve the defendants-appellees in a manner that is consistent with the district court's analysis expressed in the denial of the default judgment motion. Finally, even if we were to presume that the district court's conclusion with respect to personal jurisdiction will not change after receiving any additional submission from Smart Study in response to the Order to Show Cause, and the case will be dismissed, any concerns regarding the corresponding dissolution of the PI Order in connection with a final judgment can be addressed by Smart Study seeking an injunction pending appeal. *See* Fed. R. App. P. 8; *see also, Prudent Real Est. Tr. v. Johncamp Realty, Inc.*, 599 F.2d 1140, 1149 (2d Cir. 1979).

Smart Study relies on *In re Feit & Drexler, Inc.*, in support of its contention that the district court's personal-jurisdiction order threatens serious and irreparable consequences. 760 F.2d 406 (2d Cir. 1985). However, such reliance is misplaced. That appeal was from an order explicitly granting an injunction; although the Court cited *Carson* in support of jurisdiction, we have since held that "*Carson* does not impose an additional 'serious consequence' requirement for appellate jurisdiction over orders that explicitly grant, continue, modify, refuse or dissolve injunctions and thereby meet the plain terms of the statute." *Walsh*, 618 F.3d at 224. At any rate, immediate

6

review was appropriate because the appellant was subject to an injunction that deprived her "of both the use and the possession of a substantial portion of her property during the pendency of" a bankruptcy proceeding. *In re Feit & Drexler, Inc.*, 760 F.2d at 412. We further explained that "[s]uch a deprivation is surely a 'serious, perhaps irreparable consequence'" of the injunction, especially because it caused her to be "[d]ivested of the ability to use any assets but her current salary and pension," and therefore, she "[would] be unable to conduct the affairs of her life without substantial constraint." *Id.* Smart Study is subject to no such injunction here (indeed, Smart Study is not itself subject to any injunction at all) and has failed to demonstrate any such irreparable consequence in the absence of a permanent injunction at this juncture. Accordingly, even if the district court's denial of the motion for default judgment had the practical effect of denying Smart Study's request for a permanent injunction, we do not have jurisdiction over the district court's interlocutory order under Section 1292(a)(1).

We find similarly unpersuasive Smart Study's argument that Section 1291 provides an alternative basis for appellate jurisdiction over the order denying the default judgment motion. Under 28 U.S.C. § 1291, this Court has jurisdiction over "final decisions" of district courts. "Generally, a final order is an order of the district court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 425 F.3d 207, 210 (2d Cir. 2005) (quoting *Hallock v. Bonner*, 387 F.3d 147, 152 (2d Cir. 2004), *judgment vacated on other grounds by Will v. Hallock*, 546 U.S. 345 (2006)).

Here, the district court issued no such order. *See Prince v. Ethiopian Airlines*, 646 F. App'x 45, 47 (2d Cir. 2016) (summary order) (holding that "denial of a default judgment is not a final order" where claims remained to be adjudicated). Before Smart Study filed a notice of appeal as

7

to the district court's denial of the default judgment motion, the district court issued an Order to Show Cause to Smart Study as to why the case should not be dismissed for lack of personal jurisdiction. This is further evidence that, even though the district court denied Smart Study's motion for default judgment, the district court did not "end[] the litigation on the merits," such that there was nothing left "to do but execute the judgment." *Bey v. City of New York*, 999 F.3d 157, 163 (2d Cir. 2021) (quoting *Rabbi Jacob Joseph Sch.*, 425 F.3d at 210). Smart Study may view any additional efforts to litigate the personal jurisdiction issue to be futile in light of the district court's decision, but that does not make the decision final. The district court invited further argument through the Order to Show Cause, and the case was stayed, not dismissed. The resolution of that Order to Show Cause process will minimize the possibility of piecemeal review by the appellate court in this case. If Smart Study were permitted to bypass the Order to Show Cause process at this juncture and obtain immediate review of the district court's conclusion that it presently lacks personal jurisdiction over the defendants-appellees, an affirmance of that conclusion would not prohibit Smart Study from seeking leave in the district court to attempt to serve defendants-appellees in a manner consistent with the district court's analysis. Any litigation on subsequent efforts at service in this case could then result in another appeal to this Court again involving service of process. Moreover, at a minimum, the completion of the Order to Show Cause process in the district court before any appeal also serves to ensure that the district court has the opportunity to consider any additional arguments presented by Smart Study on the service issue before the issue is presented on appeal, providing us with the benefit of any additional reasoning by the district court in connection with those arguments. It is precisely for these types of reasons that an order to show cause is not an appealable final order. *See Pu v. Russell Publ'g Grp., Ltd.*,

683 F. App'x 96, 98 (2d Cir. 2017) (summary order) ("[A]n order to show cause is not an appealable final order, and we therefore lack jurisdiction to review it." (citing *Weitzman v. Stein*, 897 F.2d 653, 657 (2d Cir. 1990))).

In sum, we conclude that we lack jurisdiction to hear Smart Study's appeal from the district court's July 21, 2022 order because that order is neither a "final decision" under Section 1291 nor an interlocutory order that is appealable under Section 1292(a)(1).

\*    \*    \*

We have considered Smart Study's remaining arguments regarding jurisdiction and find them to be without merit. Accordingly, the appeal is **DISMISSED** for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit